IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERI M. CONKLIN,
    Plaintiff,

v.

R T ENGINEERING CORPORATION,
A Massachusetts corporation,
    Defendants.
_____/

CASE NUMBER: 3:17-cv-415-J-39JRK
DIVISION:

FILED 2017 APR 10 PM 2:40
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cheri M. Conklin, by and through her undersigned attorneys, sues Defendant R T Engineering Corporation, and as grounds therefore would state:

### NATURE OF THE ACTION

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00).

### THE PARTIES

2. At all times material hereto, Plaintiff, Cheri Conklin, was a resident of St. Augustine, St. Johns County, Florida.

3. Defendant R T Engineering Corporation ("**RTE**") is a Massachusetts corporation that designs, develops, manufactures, sells, and installs commercial equipment for businesses in Florida.

### JURISDICTION AND VENUE

4. Defendant RTE consented to the jurisdiction of the courts of the State of Florida by conducting business in this state.

5. Defendant RTE is subject to the long arm jurisdiction of this state pursuant to Fla. Stat. § 48.193 by reason of the following:

a. Defendant RTE operated, conducted, engaged in and/or carried on a business or business venture in this state or had an office or agency in this state (Fla. Stat. § 48.193(1)(a);

b. Defendant RTE committed a tortious act within this state (Fla. Stat. § 48.193(1)(a)(2); and

c. Defendant RTE engaged in substantial and not isolated activity within this state (Fla. Stat. § 48.193(2).

6. At some time prior to August 18, 2014, RTE designed, manufactured and sold a 22042 Wrap Line Power Feeder Big Blue Five Head machine ("**Big Blue**") to Plaintiff's employer, Carlisle Companies, Inc. ("**Carlisle**") located in St. Augustine, St. Johns County, Florida.

7. RTE delivered, assembled, installed, and serviced Big Blue at the Carlisle plant in St. Augustine, St. Johns County, Florida.

8. Plaintiff was injured by Big Blue while performing her job duties at the Carlisle plant in St. Augustine, St. Johns County, Florida.

## GENERAL ALLEGATIONS

9. At all times material hereto, Plaintiff, Cheri Conklin, was an employee of Carlisle.

10. Ms. Conklin was a manufacturing associate who was trained to operate Big Blue and used the machine on a daily basis.

11. Big Blue was acquired from Defendant RTE and used by Carlisle to make wire bundles for aircraft.

12. On August 18, 2014, Plaintiff was operating Big Blue and monitoring the bundling process as part of her duties.

13. Plaintiff was operating a section of the machinery consisting of two belts which clamp the wires together and wraps the bundle with electrical tape.

14. The mechanism that pulls the wire through the bundler is known as the Caterpuller Belt Drive System ("**Puller**").

15. While Cheri Conklin was observing the wires being fed into the two belts, the tape wrapping the bundles became wrinkled.

16. In accordance with her job training, she attempted to smooth out the wrinkles on the wire bundle before it was drawn into the puller.

17. Due to the lack of a safety guard, Cheri's right middle finger became caught in the puller.

18. Ms. Conklin attempted to pull her right hand from the puller belts with her left hand, but was unable to.

19. The belts pulled both of Plaintiff's hands into the machine de-gloving a portion of her right hand and causing numerous lacerations, fractures, breaks and nerve damage to both hands.

20. At the time of the accident, Big Blue had been installed by RTE at Carlisle.

21. The subject machine, Big Blue, was in an unreasonably dangerous condition, in one or more of the following ways:

    a. the machine had no safety guard;

    b. the puller belt was a known pinch point that lacked a safety guard;

    c. the puller belts were not guarded to prevent body parts from getting caught in them during operation;

    d. there were no warnings regarding the lack of a safety guard;

    e. there were no warnings that the puller belts were a pinch point;

    f. there were no warnings that body parts could become caught in the puller belt and cause severe injury;

      g.    the control panel of the subject machine could not be reached by a person operating it in order to stop the belts during an emergency;

      h.    no instructions were provided with the machine to allow an operator to understand the safe and proper operation; and

      i.    no instructions were provided with the machine informing operators how to shut the machine off in an emergency.

22. At all times material, Cheri Conklin was exercising reasonable care for her own safety.

23. At all times material, Big Blue was in substantially the same condition, in all material respects, to its condition on the day it was delivered and installed at Carlisle's place of business.

## COUNT I
## NEGLIGENCE

24. Plaintiff realleges paragraphs one (1) through twenty-three (23) above.

25. At all times material, Defendant RTE had a duty to use reasonable care in designing, manufacturing, marketing, selling, installing, assembling, maintaining, repairing, inspecting and safeguarding the subject machine.

26. Defendant RTE breached the duty of care it owed to Cheri Conklin, an employee of its customer, Carlisle, and foreseeable user of Big Blue in one or more of the following ways:

      a.    failing to design Big Blue and its components in a proper manner;

      b.    designing and manufacturing a wrapper machine and puller component that had a tendency to ensnare worker's clothing, and/or body parts during reasonably anticipated use;

      c.    designing and manufacturing a wrapper machine and puller component that had an exposed pinch point that could cause serious injury to anticipated users;

- d. designing and manufacturing a wrapper machine and puller component that has a propensity to catch users' appendages and crush, de-glove, mangle, or otherwise severely injure them under the facts and circumstances presented herein;

- e. failing to install a safety guard on the subject machine;

- f. failing to provide warnings, including warning signs or placards;

- g. failing to reasonably and adequately warn users, including Cheri Conklin, of the dangers associated with attempting to smooth wire bundle deficiencies while Big Blue is in operation;

- h. failing to reasonably and adequately warn users, including Cheri Conklin, of the dangers associated with using Big Blue and its components while there was no guard installed on the puller;

- i. designing and manufacturing a wire bundling machine with an unguarded puller device placed in a location where foreseeable users would be subject to unreasonable risk of injury while using the machine in its intended manner;

- j. failing to recall, repair, or provide adequate warnings when Defendant knew, or should have known, of the defects in the subject Big Blue machine.

- k. failing to properly design and/or maintain the subject machine in a reasonably safe condition;

- l. failing to provide safe operating instructions to operators of the subject machine;

- m. failing to provide instructions with Big Blue that would allow an operator to understand the safe and proper operation;

- n. failing to provide instructions with Big Blue informing operators how to shut the machine off in an emergency;

- o. failing to provide warnings that the puller belts were a pinch point;

- p. manufacturing the subject machine without appropriate quality control which would have prevented foreseeable manufacturing defects; and

- q. other acts or omissions not currently known or appreciated by Plaintiff at this time.

27.     As a direct and proximate result of one or more of the foregoing acts of negligence or omissions of Defendant RTE, Cheri Conklin suffered significant serious and permanent injuries resulting in pain, suffering, disability, disfigurement, mental anguish and loss of capacity for the enjoyment of life, and has incurred expenses of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer losses in the future.

WHEREFORE, Cheri Conklin demands judgment against Defendant RTE for compensatory damages, costs of this action and pre-judgment interest on all expenses paid prior to judgment.

## COUNT II
## STRICT LIABILITY OF R T ENGINEERING CORPORATION

28.     Plaintiff realleges paragraphs one (1) through twenty-three (23) above.

29.     At all times material, Big Blue was in substantially the same condition as when it left the custody, control and possession of the Defendant.

30.     At the time and place of the incident alleged in paragraphs twelve (12) through nineteen (19) herein, Big Blue was in a defective condition and was unreasonably dangerous to consumers or foreseeable users by virtue of the defects set forth below.

31.     RTE designed, manufactured, assembled, distributed, marketed, sold, installed, and serviced Big Blue to/for customers knowing it lacked a safety guard.

32.     On or about August 18, 2014, the date of the accident described herein, the Plaintiff was unaware of the defects set forth below.

33.     On or about August 18, 2014, Big Blue was being used in a manner that was foreseeable to RTE when the subject machine ensnared Plaintiff's hands, pulling them into the device as it de-gloved and crushed her hands.

34. Big Blue, at the time it left possession of RTE, and on or about the day of the incident, was unsafe and defective in one or more of the following ways:

   a. the wrapper machine and puller component had a tendency to ensnare worker's clothing, and/ or body parts during reasonably anticipated use;

   b. the wrapper machine and puller component had an exposed pinch point that could cause serious injury to anticipated users;

   c. the wrapper machine and puller component had a propensity to catch users' appendages and crush, de-glove, mangle, or otherwise severely injure them when operated for its intended use;

   d. it lacked a safety guard on the subject machine;

   e. it lacked warnings, including warning signs or placards;

   f. there were no warning signs or placards to reasonably and adequately warn users, including Cheri Conklin, of the dangers associated with attempting to smooth wire bundle deficiencies while Big Blue is in operation;

   g. there were no warning signs or placards to reasonably and adequately warn users, including Cheri Conklin, of the dangers associated with using Big Blue and its components while there was no guard installed on the puller;

   h. the wire bundling machine had an unguarded puller device placed in a location where foreseeable users would be subject to unreasonable risk of injury while using the machine in its intended manner;

   i. there was no attempt to recall, repair, or provide adequate warnings when Defendant knew, or should have known, of the defects in the subject Big Blue machine;

   j. the subject machine was not designed and/or maintain in a reasonably safe condition;

   k. the subject machine lacked safe operating instructions for operators of the subject machine;

   l. the subject machine lacked instructions that would allow an operator to understand the safe and proper operation;

  m. the subject machine lacked instructions informing operators how to shut the machine off in an emergency;

  n. the puller belts exposed an unguarded pinch point;

  o. the subject machine was manufactured without appropriate quality control which would have prevented foreseeable manufacturing defects; and

  p. other defects not currently known or appreciated by Plaintiff at this time.

35. As a direct and proximate result of the defective and dangerous condition of Big Blue, Cheri Conklin suffered significant permanent injuries resulting in pain, suffering, disability, disfigurement, mental anguish and loss of capacity for the enjoyment of life, and has incurred expenses of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer losses in the future.

WHEREFORE, Cheri Conklin demands judgment against Defendant R T ENGINEERING CORPORATION for compensatory damages, costs of this action and pre-judgment interest on all expenses paid prior to judgment.

## DEMAND FOR JURY TRIAL

Plaintiff, Cheri Conklin, demands trial by jury on all issues so triable.

                 **SPOHRER & DODD, P.L.**

                 */s/ Keith L. Maynard*
                 Keith L. Maynard, Esq.
                 Florida Bar No. 0036214
                 701 W. Adams Street, Suite 2
                 Jacksonville, FL  32204
                 Tel.: (904) 309-6500 / Fax: (904) 309-6501
                 Email: kmaynard@sdlitigation.com
                     sshedlarski@sdlitigation.com
                     eservice@sdlitigation.com
                 Attorneys for Plaintiff