UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERI M. CONKLIN n/k/a
CHERI M. NUSS,

       Plaintiff,

v.

RT ENGINEERING CORPORATION, A
Massachusetts corporation,

       Defendant.

CASE NO. 3:17-CV-00415-BJD-JRK

**FINAL JOINT PRETRIAL STATEMENT**

NOW COME the Parties, by and through the undersigned counsel, and pursuant to the

Court's Scheduling Order [D.E. 44], as amended by the Court's Order Rescheduling Trial

Deadlines [D.E. 64], with the following Final Joint Pre-Trial Statement:

**(1) The Basis of Federal Jurisdiction**:

       This case falls within the Court's jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1).
Plaintiff is a citizen of Florida, because that is where she is domiciled. Defendant is citizen of
Massachusetts, because it is a corporation incorporated under the laws of Massachusetts with its
principal place of business in Massachusetts. Plaintiff alleges damages in excess of seventy-five
thousand dollars ($75,000.00), exclusive of interest and costs.

**(2) A Concise Statement of the Nature of the Action:**

       This case arises out of an accident involving the Plaintiff, Cheri Nuss[1], that occurred on
August 18, 2014 while she was working at Carlisle Interconnect Technologies ("Carlisle").
Plaintiff was operating a wire bundling machine known as the Five Head Wrapper or "Big Blue".
Carlisle commissioned the Defendant, R T Engineering Corporation ("RTE"), to manufacture the
Five Head Wrapper. She injured her hands when they were caught in a component of the machine
known as the Caterpuller Belt Drive System. Plaintiff filed suit against Defendant for Strict

---

[1] At various times in the record, Ms. Nuss may also be referred to as Cheri Pike or Cheri
Conklin.

Liability and Negligence claims for manufacturing defect, design defect, inadequate instructions or warnings (failure to warn), and general negligence.

**(3) A Brief, General Statement of Each Party's Case**:

**Plaintiff's Statement (not to be read to the jury):**

The Plaintiff suffered catastrophic, life-changing injuries when her hands were caught in the belts of a defective and unreasonably dangerous machine, designed and manufactured by the Defendant. Defendant RTE was hired by Plaintiff's employer, Carlisle to design and manufacture the Five Head Wrapper (AKA "Big Blue"). Pursuant to the proposal and the contract, RTE guaranteed that the machine would have guarding in accordance with OSHA regulations consisting of fixed guarding, interlocked safety enclosures, or both. RTE incorporated a component into Big Blue, referred to as the Caterpuller. RTE acquired the Caterpuller from the original manufacturer, Reel-O-Matic, who shipped the machine to RTE's facility with a guard attached and in place. RTE agrees that the Caterpuller belts formed a pinch point and an in-running nip point which required a guard to protect users from serious injury. Sometime during the manufacturing process RTE removed the guard on the Caterpuller and never reinstalled it prior to shipping the machine to Carlisle in Florida. There is no evidence the guard was actually shipped or that it was ever received by Carlisle. The machine was installed at Carlisle's facility before the Plaintiff worked there. From the day the Plaintiff started working on Big Blue until the accident, there was no guard on the Caterpuller. The accident injuring her hands has caused her pain, suffering, disability, mental anguish and loss of capacity for the enjoyment of life, and has incurred expenses of hospitalization, medical treatment, loss of earnings, and loss of the ability to earn money. The losses are permanent or continuing, and she will suffer losses in the future. Plaintiff claims that her injuries and damages are a direct and proximate result of RTE's design and manufacture of a defective and unreasonably dangerous machine.

**Defendant's Statement (not to be read to the jury):**

Defendant manufactured Big Blue pursuant to Carlisle's design and specific directions, which required the inclusion of the Caterpuller section. Defendant manufactured Big Blue with a Lexan safety guard secured over the pinch point on the Caterpuller section. The guard was removed during factory testing at Carlisle's direction. Defendant shipped the guard with the rest of Big Blue on several pallets to be installed on site by Carlisle, pursuant to their contract. Defendant was not responsible for Big Blue's assembly, maintenance, or safety compliance. Plaintiff was injured as a result of Carlisle's decision to not install a safety guard and by improperly instructing Plaintiff to put her hands near the pinch point. Plaintiff was negligent in placing her hands at a known pinch point.

**(4) A List of All Exhibits and Rule 5.04 Exhibit Substitutes to Be Offered at Trial with Notation of All Objections Thereto:**

     a.     Plaintiff's Exhibit List is attached as "Exhibit 1."
     b.     Defendant's Exhibit List is attached as "Exhibit 2."

c.  Plaintiff and Defendant stipulate that all medical records, including films and radiology, on their respective Exhibit Lists are what the purport to be, and thus there is no need to call records custodians to authenticate such records.

d.  Plaintiff and Defendant stipulate that medical records on their Exhibit Lists are business records pursuant to Fed. R. Civ. P. 902.

e.  The parties agree to continue working collaboratively to agree and stipulate to the admissibility of exhibits prior to trial.

## 5) A List of All Witnesses Who May Be Called at Trial:

**a) Plaintiff submits the following list of fact witnesses whom they anticipate they may call at trial:**

1)  Cheri Nuss
Mrs. Nuss may be called to testify regarding her accident, injuries and damages.

2)  Ray Lake
Mr. Lake may be called to testify regarding his knowledge of Big Blue.

3)  Chad Blair
Mr. Blair may be called to testify regarding his knowledge of RTE's practices and procedures, the agreement regarding Big Blue and the order, proposal, contract, purchase, design, and manufacture of the machine for Carlisle.

4)  William Landry
Mr. Landry may be called to testify regarding his knowledge of Big Blue, the matters testified to in his deposition and the order, proposal, contract, purchase, design, and manufacture of the machine for Carlisle.

5)  Ray Metivier

Mr. Metivier may be called to testify regarding his knowledge of Big Blue, the matters testified to in his deposition and the order, proposal, contract, purchase, design, manufacture, startup, and site acceptance test of the machine for Carlisle.

**b.  Defendant's Witness List is attached hereto as "Exhibit 3."**

## (6) A List of All Expert Witnesses Including, as to Each Such Witness, a Statement of the Subject Matter and a Summary of the Substance of His or Her Testimony:

**Plaintiff submits the following list of expert witnesses whom she anticipates she may call to trial:**

1.      William Stamps Howard, PhD.
        Stability Technology, Inc., President
        722 Cedar Point Blvd., Suite 230
        Cedar Point, NC 28584

Mr. Howard is a specialist in industrial machinery and is expected to testify to matters set forth in his report, including but not limited to: (a) Big Blue did not meet OSHA requirements for guarding users against injury; (b) Big Blue was unreasonably dangerous when it left RTE's possession and control; (c) it was reasonably foreseeable to RTE that the safety guard would not be either re-installed or replaced by Carlisle; (d) there is no evidence that the original Reel-O-Matic guard ever made it to Carlisle; (e) there were no instructions sent by RTE to ensure a guard was installed on the Caterpuller; (f) RTE field service personnel, who traveled to Carlisle to start the machine, knew or should have known that the guard had not been re-installed or replaced after Big Blue was installed at Carlisle; (g) RTE had readily available alternatives to removing the guard, including leaving the original guard in place, or designing an interlocked guard to prevent operating the Caterpuller unguarded.

2.      William F. Kitzes, J.D.
        Consumer Safety Associates, LLC.
        4501 N.W. 25th Way
        Boca Raton, FL 33434

Mr. Kitzes is a Board Certified Product Safety Manager and Hazard Control Manager and is expected to testify to matters set forth in his report, including but not limited to: (a) RTE failed to perform an adequate risk assessment to identify and apply well known safety measures to adequately protect workers from the substantial hazards associated with the foreseeable use of the 5-Head Wrapper manufactured, developed, and fabricated by RTE; (b) With substantial knowledge of dangers presented by the unguarded Caterpuller, RTE shipped the 5-Head Wrapper and Caterpuller to the purchaser without the guard originally attached to the Caterpuller by the original manufacturer; (c) Without the original guard as provided to RTE by Reel-O-Matic, the Caterpuller sold by RTE was defective and unreasonably dangerous; (d) Defendant failed to warn users against operation of the machine without a guard; (d) that without a guard, the machine was defective and unreasonably dangerous; (e) machine builder standards, safety of machinery general requirements and risk assessment, injury and accident prevention, machine guarding principles and standards, OSHA requirements for machines, operating procedures of the equipment and its use, training employees using the equipment, published materials for the equipment and its operation; (f) RTE failed to incorporate an interlock system to prevent operation of the Caterpuller if the original guard was not fully in place; and (g) alternatives for reasonable safety precautions and requirements .

3.      Dr. Richard Boehme, M.D.
        Neurology Associates of North Florida
        1361 13th Ave. South
        Suite 170-A
        Jacksonville Beach, FL 32250

Dr. Boehme is a Board Certified Neurologist who is expected to testify regarding his treatment of Cheri Nuss and the matters set forth in his medical records, outlined in Plaintiff's expert disclosure, and outlined in his sworn affidavit including but not limited to the following: (a) Plaintiff's medical history, injury and damages; (b) Plaintiff's past and future medical treatment and costs; (c) Plaintiff's psychological injuries from this accident; (d) Plaintiff's future medical and mental health requirements; (e) the estimated cost of required future medical and health treatment; (f) changes in Plaintiff's lifestyle resulting from this accident and her injuries which affect her ability to work, complete tasks around her home, and complete basic daily activities; (g) her need for services to help her with daily tasks and chores for the rest of her life.

**Defendant submits the following list of expert witnesses whom it anticipates it may call to trial:**

1.   Bruce Main, PE, CSP
     Design Safety Engineering, Inc.
     P.O. Box 8109
     Ann Arbor, MI 48107

Mr. Main is expected to opine that Defendant complied with its ANSI requirements, but Carlisle failed to comply with its ANSI and OSHA requirements, Plaintiff contributed to the injury by reaching into the nip point, and that Defendant did not fail to warn or inform Plaintiff of the hazard. Furthermore, Mr. Main is expected to express an opinion that Carlisle had exclusive control of Big Blue and Plaintiff, as its employee; Carlisle knew about the pinch point, trained Plaintiff to use her fingers on the wire wrap to reduce scrap, and enforced a three-strikes policy for scrap incidents; Carlisle directed the guard's removal and operated Big Blue without it for a year following installation. Mr. Main will also testify that it was Carlisle's responsibility, and Carlisle voluntarily accepted this responsibility, to install a guard on Big Blue during assembly. Finally, Mr. Main is expected to opine that design of the guard is immaterial because it was removed at Carlisle's direction.

**(7) In Cases in Which any Party Claims Money Damages, a Statement of the Elements of Each Such Claim and the Amount Being Sought with Respect to Each Such Element:**

**Plaintiff:**

Plaintiff's past medical bills are $71,915.53. Plaintiff's past lost wages are $81,934.15. Plaintiff seeks future medical expenses of $162,500 to $325,000. Plaintiff seeks future loss of ability to earn wages of $565,754.40. Plaintiff also seeks damages for pain and suffering, loss of enjoyment of life, disfigurement, and mental anguish. Plaintiff has incurred damages not to exceed $10,000,000.00.

**Defendant:**

Defendant is not seeking monetary damages.

**8) A List of All Depositions to be Offered in Evidence at Trial (as distinguished from possible use for impeachment)**:

    **Plaintiff**:

        f.      David Cecil

        g.      Mike Hermes

        h.      Daren Labonne

        a.      Mike Proulx

    **Defendant**:

        a.      Erin Hoffer

        b.      Mike Hermes

        c.      Daren Labonne

        d.      Ray Lake

        e.      David Cecil

        f.      Mike Proulx[2]

**(9) A Concise Statement of Those Facts Which are Admitted and Will Require No Proof at Trial, Together With Any Reservations Directed to Such Admissions:**

        a.      At the time of her injury, Plaintiff was employed by Carlisle Interconnect Technologies.

        b.      Carlisle hired Defendant to manufacture Big Blue.

        c.      Defendant manufactured Big Blue for use at Carlisle's facility by Carlisle employees.

        d.      Carlisle requested that the Five Head Wrapper incorporate a Caterpuller.

        e.      Defendant selected the Reel-O-Matic Caterpuller to incorporate into Big Blue.

        f.      Defendant acquired the Caterpuller from Reel-O-Matic.

---

[2] Certain documents filed with the court refer to this witness as Mike Perouix. However, this is merely a typographical error. Mike Perouix and Mike Prolux are one and the same.

g.    The Caterpuller contained two belt drives.

h.    The Caterpuller belt drives formed a pinch point.

i.    When RTE acquired the Caterpuller from Reel-O-Matic, there was a safety guard mounted to the belt drive mechanism.

j.    RTE employee, Daren Labonne, removed the safety guard mounted to the belt drive mechanism from the Caterpuller.

k.    No employee of RTE ever re-installed the safety guard to the Caterpuller belt drive mechanism after it was removed by Daren Labonne.

l.    Following the Factory Acceptance Test, Big Blue left the possession of RTE without a safety guard affixed to the Caterpuller belt drive mechanism.

m.    The Caterpuller belt drive mechanism was required to have a guard installed during operation.

n.    Operating Big Blue without a guard installed on the Caterpuller is a safety risk.

o.    RTE did not affix warning labels to the Caterpuller advising of the dangers during use prior to shipping it to Carlisle.

p.    A yellow warning sticker with the words "Caution Pinch Point Hazard" was placed on the Caterpuller at some point after it was installed at Carlisle.

q.    Plaintiff used Big Blue as part of her job at Carlisle.

r.    The Caterpuller section of Big Blue was unguarded at the time of Plaintiff's injury.

s.    The parties may stipulate to additional facts as trial approaches.

**(10) A Concise Statement of Applicable Principles of Law on Which there is Agreement:**

a.    Procedural and evidentiary issues will be subject to the Federal Rules of Civil Procedure and Evidence and case law.

b.    Elements of negligence are duty, breach, causation, and damages.

c.    Strict products liability requires a showing that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury.

d.    The parties may stipulate to additional principles of law as trial approaches.

CASE NO. 3:17-CV-00415-BJD-JRK

**(11) A Concise Statement of those Issues of Fact Which Remain to be Litigated (Without Incorporation by Reference to Prior Pleadings and Memoranda):**

 **Defendant contends that the following are facts to be litigated:**

e. Carlisle provided Defendant with design specifications for Big Blue.

f. Carlisle instructed Defendant to incorporate a Caterpuller into Big Blue's design.

g. Carlisle knew that Big Blue included a pinch point in its Caterpuller section.

h. Carlisle owned and operated other machines that included a Caterpuller section.

i. Big Blue needed a safety guard over the Caterpuller section due to a pinch point.

j. Carlisle knew that Big blue needed a safety guard over the Caterpuller section due to a pinch point.

k. Defendant manufactured Big Blue at Carlisle's direction.

l. Carlisle directed Defendant to remove the safety guard from Big Blue during Factory Acceptance Testing.

m. Carlisle directed Defendant to not re-install the safety guard.

n. Big Blue was shipped disassembled in seven pallets to be assembled at Carlisle.

o. RTE shipped the guard to Carlisle to be installed, along with the rest of Big Blue.

p. Once Big Blue arrived at Carlisle, an Action List was created that listed outstanding items, including safety items that needed to be addressed.

q. The Action List included reference to a guard that was needed over Big Blue's safety belt and listed Carlisle as the party responsible for it.

r. Carlisle's safety committee determined a safety guard was required over the Caterpuller section of Big Blue.

s. Erin Hoffer, Carlisle's EH&S Manager who oversaw the safety committee, informed Carlisle that Big Blue needed a safety guard.

t. Erin Hoffer developed a Job Safety Analysis for Big Blue that instructed its operator to keep his or her hands clear of the wire path, including the area near the Caterpuller.

u. Carlisle ignored safety committee's recommendation of a safety guard.

v.       Carlisle failed to install a safety guard over the Caterpuller section of Big Blue.

w.      Carlisle knowingly chose not to install a safety guard over the Caterpuller section of Big Blue.

x.       Carlisle placed a yellow warning sticker on Big Blue regarding the pinch point.

y.       Carlisle operated Big Blue without a safety guard over the Caterpuller section for almost one year prior to Plaintiff's injury.

z.       Plaintiff used Big Blue as part of her job at Carlisle.

aa.     Carlisle trained Plaintiff to place her hands near the pinch point of the Caterpuller section of Big Blue to smooth out wrinkles in the wire.

bb.     Carlisle trained Plaintiff to place her hands near a known pinch point of the Caterpuller section of Big Blue.

cc.     Plaintiff knew that Big Blue included a pinch point in its Caterpuller section.

dd.     Plaintiff saw and understood the yellow warning sticker on Big Blue.

ee.     Plaintiff placed her hands near a known pinch point of the Caterpuller section of Big Blue.

ff.      Big Blue did not have a safety guard over the Caterpuller section of Big Blue at the time of Plaintiff's injury.

gg.     Carlisle's other machines containing a Caterpuller did not have safety guards on them at the time of Plaintiff's injury.

hh.     After the accident, Carlisle installed safety guards on all of its machines that contained a Caterpuller, including Big Blue.

ii.      Carlisle had a policy to terminate employees after three incidents of scrapping.

jj.      Plaintiff was aware of Carlisle's policy to terminate employees after three incidents of scrapping.

kk.     Carlisle did not use Big Blue as intended.

ll.      Plaintiff did not use Big Blue as intended.

mm.   Defendant breached its duty of care to Plaintiff.

nn.     The comparative fault of Plaintiff.

oo.     The comparative fault of  Carlisle.

pp.    What alleged damages, if any, were the result of Defendant's breach of its duty of
        care.

**Plaintiff contends that the following are facts to be litigated:**

a.    Whether Defendant is strictly liable in manufacture, design, and warning for
        Plaintiff's injuries and damages. (Defendant believes this is a mixed issue of fact
        and law)

b.    Whether Defendant is liable for negligent manufacture, design, and warning for
        Plaintiff's injuries and damages. (Defendant believes this is a mixed issue of fact
        and law)

c.    RTE represented to Carlisle that all hazardous moving parts on the machines it
        designs and manufactures will have safety guards in accordance with OSHA 29
        CFR 1910.212 General Requirements for All Machines.[3]

d.    OSHA 29 CFR 1910.212 required a guard to be installed on the Caterpuller belt
        drive system during operation.

e.    RTE did not warn Carlisle that operating Big Blue without a guard installed on the
        Caterpuller was dangerous.

f.    Defendant shipped Big Blue to Carlisle in sections on eight separate pallets.

g.    Plaintiff's hands were caught by the in-running nip point pinch point of at the
        Caterpuller section of Big Blue.

h.    Plaintiff injured her hands when they were pulled into the Caterpuller drive belts.

**The parties agree that the following are facts to be litigated:**

a.    The amount of Plaintiff's economic and non-economic damages.

**(12) A Concise Statement of those Issues of Law Which Remain for Determination by the
Court (Without Incorporation by Reference to Prior Pleadings or Memoranda):**

**Defendant contends these are issues of law to be litigated:**

a.    Whether Defendant owed a duty of care to Plaintiff.

---

[3] References to OSHA are objected to by Defendant based on Defendant's arguments
detailed in Defendant's Motion in Limine as to OSHA [D.E. 69]

b.      Whether Defendant had a duty to warn Plaintiff of the pinch point on the Caterpuller section of Big Blue.

c.      Whether lack of a safety guard rendered Big Blue defective.

d.      Whether lack of a safety guard rendered Big Blue unreasonably dangerous.

e.      Whether the inclusion of a removable safety guard rendered Big Blue defective.

f.      Whether the inclusion of a removable safety guard rendered Big Blue unreasonably dangerous.

g.      Whether Defendant's manufacture of Big Blue rendered it defective and unreasonably dangerous.

h.      Whether removal of the safety guard rendered Big Blue defective and unreasonably dangerous.

i.      Whether Defendant's shipping of the safety guard unattached to Big Blue rendered Big Blue defective and unreasonably dangerous.

j.      Whether the allegedly defective condition was the legal cause of Plaintiff's injury.

k.      Whether Defendant is entitled to a post-trial damages set-off.

**Plaintiff contends these are issues of law to be litigated:**

a.      As a manufacturer, Defendant is deemed to be an expert. At a minimum, Defendant must keep abreast of scientific knowledge, discoveries, and advances and is presumed to know what is imparted thereby. Defendant has a duty to inspect and test its products. The extent of research and experiment must be commensurate with the dangers involved.

b.      Whether Defendant and Carlisle were co-designers/manufacturers and if this matters for strict liability.

**(13) A Concise Statement of any Disagreement as to the Application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure:**

a.      None at this time.

**(14) A List of All Motions or Other Matters Which Require Action by the Court**:

**Plaintiff:**

a.      Plaintiff's Renewed Motion for Summary Judgment

CASE NO. 3:17-CV-00415-BJD-JRK

    b.        Plaintiff's Motion in Limine (Collateral Source)

    c.        Plaintiff's Motion in Limine (Hearsay)

**Defendant**:

    a.        Defendant's Renewed Motion for Summary Judgment

    b.        Defendant's Motion in Limine (OSHA)

    c.        Defendant's Motion in Limine (Guard Insufficiency)

    d.        Defendant's Motion in Limine (Guard Not Shipped)

    e.        Defendant's Motion in Limine (Warning and Instructions)

    f.        Defendant's Motion in Limine (Start-up)

    g.        Defendant's Motion in Limine (Loss of Ability to Earn Money)

    h.        Defendant's Motion for Leave to Preserve Trial Testimony of Erin Hoffer

**(15) The Signatures of Counsel for All Parties.**

Dated: November 9, 2018

SPOHRER & DODD, P.L.                  FOWLER WHITE BURNETT, P.A.


*/s/ Keith L. Maynard*                      */s/ Jesse D. Drawas*
Keith L. Maynard, Esquire                Rory Eric Jurman, Esq.
FBN: 36214                              FBN: 194646
Steve R. Browning, Esquire               Jesse D. Drawas
FBN: 599638                            FBN: 68654
76 S. Laura Street, Suite 1701            One Financial Plaza, Suite 2100
Jacksonville, FL 32202                  100 Southeast Third Ave.
Tel: 904.309.6500                     Ft. Lauderdale, FL 33394
Fax: 904.309.6501                    Telephone: 954.377.8100
KMaynard@sdlitigation.com           Fax: 954.377.8101
SBrowning@sdlitigation.com           rjurman@fowler-white.com
                                              jdrawas@fowler-white.com



# EXHIBIT LIST

<u>X</u> **Plaintiff** ___ **Defendant**   ___ **Joint**

___ **Government** ___ **Court**

**Case No.**   **Cheri M. Conklin n/k/a Cheri M. Nuss v. R T Engineering Corp.**
**Style:**      **3:17-cv-415-BDJ-JRP**

---

KEY:
CN = Cheri Nuss                WH = Expert William Howard        WK = Expert William Kitzes
DL = Daren Labonne            RL = Ray Lake
RM = Ray Metivier             MP = Mike Proulx                  *DKT 44 Compliance is the Amended Case
CB = Chad Blair               MH = Michael Hermes               Management and Scheduling Order
WL = William Landry           RB = Expert Dr. Richard Boehme

---

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 1 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, Local Rule 3.06 | Medical Records – Brooks Rehabilitation |
| 2 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, Local Rule 3.06 | Medical Records – Dr. Amudha Perumal |
| 3 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, Local Rule 3.06 | Medical Records – Dr. Bruce Hartwig |
| 4 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, Local Rule 3.06 | Medical Records – Dr. Delores Loveless |
| 5 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, Local Rule 3.06 | Medical Records – Dr. Douglas Robins |

# EXHIBIT 1

---

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objection. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's date stamp.

| EXHIBIT NO. | DATE IDENTIFIED | DATE ADMITTED | SPONSORING WITNESSES | OBJECTIONS / STIPULATED ADMISSIONS[1] | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|---|
| 6 | | | CN, RB | 401, 403, 801, 802, 901. DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – Dr. Eduardo Sanchez |
| 7 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – Orthopedic Associates of St. Augustine |
| 8 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – Precision Imaging |
| 9 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – St. Johns County Fire Rescue |
| 10 | | | CN, RB | 401, 403, 801, 802, 901 , DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – Dr. Richard Boehme |
| 11 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – Stewart Marchman Act |
| 12 | | | CN, RB | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – Dr. Timothy Fee / Coastal Cosmetics |
| 13 | | | CN, RB | 401, 403, 801, 802, 90, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Records – Flagler Hospital |
| 14 | | | CN | 401, 403, 801, 802, 901, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Bills |

---

[1]  Use  a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objection.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box  on the left must be one inch wide to accommodate the Clerk's date stamp.

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 15 | | | CN | 401, 403, 801, 802, 901, 602, DKT 44 COMPLIANCE, LOCAL RULE 3.06 | Medical Bill Summary |
| 16 | | | CN, RB | 401, 403, 602, 901 | Plaintiff Photos – Initial Injuries (P – 844 – 850) |
| 17 | | | CN, RB | 401, 403, 602, 901 | Plaintiff Photos – Permanent Injuries (P – 851 – 855) |
| 18 | | | CB, DC, MH, DL | | RTE Agreement / Contract, Versions #1 - #5 (RTE 1028-1048, 1070-1100, 1180-1200, 1265-1307) |
| 19 | | | WH, CB, WL, DL, MP, RM, MH | 602, 401, 402, 403 | OSHA Regulation 1910.212 (No Bates) |
| 20 | | | CB, WL, RL | 403 | Packing List (RTE 1352) |
| 21 | | | CB, DC | | RTE Functional Systems Description (RTE 456 – 464) |
| 22 | | | DC, DL, CB | | FAT Sign-off (RTE 1353 – 1354) |
| 23 | | | CB, MH, DC | 602, 401, 402 | Invoice (No Bates) |
| 24 | | | CB | 401, 402, 403 | Payment Schedule (P-873-876) |
| 25 | | | CB, DL | | Photos – Assembly / Build Progress (RTE 896, 901, 902, 907) |
| 26 | | | CB, DL, WL | | Line Overview (RTE 880) |
| 27 | | | CB, DL, WL, DC | | Photos – Big Blue during FAT (RTE 914, 915, 928, 930, 933) |

---

[1]  Use  a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objection.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box  on the left must be one inch wide to accommodate the Clerk's date stamp.

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 28 | | | CB, DL, WL, MH | | Photo – Big Blue Line Overview (RTE 0928) |
| 29 | | | CB, WL, DL, MH | 401, 402, 403 | Photos – Big Blue on Pallet for Shipping (RTE 938, 950, 951) |
| 30 | | | CN | | Photo – Caterpuller at Carlisle (P – 1491, 1496-1498, 1500, 1504-1507) |
| 31 | | | CN | | Photo – Caterpuller where injury occurred (P – 1490) |
| 32 | | | CB, DL | | Reel-O-Matic Caterpuller Diagram with Guard (RTE 632-633) |
| 33 | | | CN | 401, 402, 403, 901 | Tax Returns 2012 – 2016 (P – 0954 – 1211) |
| 34 | | | CB, DL | | Photo – Caterpuller 3D Model |
| 35 | | | CN | 401, 402, 403, 901 | Paystubs 2014 – 2016 (P – 1212 – 1285) |
| 36 | | | WK | | William Kitzes CV |
| 37 | | | WS | | William Howard Stamps CV |
| 38 | | | RB | | Dr. Richard Boehme CV |

---

[1] Use a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objection. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's date stamp.

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 39 | | | CB | 403 | Defendant's Answers to Request for Admissions |
| 40 | | | CN, RB | 401, 402, 403, 602, 901, DKT 44 compliance, Local Rule 3.06 | CDC Life Expectancy Table 2014 |
| 41 | | | | | Plaintiff identifies and designates any admissible evidence identified by the Defendant that is not listed here as a potential exhibit |
| 42 | | | | | Any demonstrative exhibits, diagrams, photographs, or blow-ups for use at trial including, but not limited to, photographs of the subject accident. |
| 43 | | | | | Demonstrative tools including, but not limited to, enlargements, models, photographs, and videos. |
| 44 | | | | | All impeachment materials and Documents and Records. |
| 45 | | | | | Deposition testimony to be designated according to the court ordered schedule |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

---

[1]  Use  a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objection.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box  on the left must be one inch wide to accommodate the Clerk's date stamp.



# EXHIBIT LIST

___ PLAINTIFF      X   DEFENDANT_____ JOINT

___ GOVERNMENT ___ COURT

CASE NO.      3:17-CV-00415-BJD-JRK

STYLE: CHERI M. CONKLIN v. RT ENGINEERING CORPORATION

| KEY: | |
|---|---|
| CN = Cheri Nuss | RTE = R T Engineering Corp. |
| DL = Daren Labonne | RL = Ray Lake |
| RM = Ray Metivier | MP = Mike Proulx |
| CB = Chad Blair | MH = Michael Hermes |
| WL = William Landry | * DKT 44 Compliance is the Amended Case Management and Scheduling Order |

| EXHIBIT NO. | DATE IDENTIFIED | DATE ADMITTED | SPONSORING WITNESSES | OBJECTIONS / STIPULATED ADMISSIONS[1] | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|---|
| 1 | | | CN | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of Plaintiff, Cheri M. Conklin, and the exhibits attached thereto. |
| 2 | | | WL | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of William Landry, and the exhibits attached thereto. |
| 3 | | | N/A | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of David Charles Cecil, and the exhibits attached thereto. |
| 4 | | | RL | 403, 407, 602, 802, 901, DKT 44 | Video and Transcript of Deposition of Ray Lake, and the exhibits attached thereto. |

1 Use a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objection.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box on the left must be one inch wide to accommodate the Clerk's date stamp.

## EXHIBIT 2

| | | | | | |
|---|---|---|---|---|---|
| | | | | compliance, Local Rule 3.06 | |
| 5 | | | CB | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of Chad Blair, and the exhibits attached thereto. |
| 6 | | | N/A | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of Darin LaBonne, and the exhibits attached thereto |
| 7 | | | N/A | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of Michael Hermes, and the exhibits attached thereto |
| 8 | | | RM | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of Ray Metivier, and the exhibits attached thereto |
| 9 | | | N/A | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of Mike Proulx, and the exhibits attached thereto |
| 10 | | | N/A | 402, 403, 407, 602, 702, 802, 901, DKT 44 compliance, Local Rule 3.06 | Video and Transcript of Deposition of Erin Hoffer, and the exhibits attached thereto. |
| 11 | | | CN | | Medical, Billing, and Radiology Documents and Records from Advanced Dermatology and Cosmetic Surgery |
| 12 | | | CN | 403, DKT 44 compliance, Local Rule 3.06 | Insurance Documents and Records from AIG Claims, Inc. |
| 13 | | | | | Medical and Billing Documents and Records from |

**EXHIBIT 2**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Asthma & Allergy Specialists, LLC |
| 14 | | | CN | | Medical, Billing, and Radiology Documents and Records from Brooks Rehabilitation |
| 15 | | | CN | | Medical, Billing, and Radiology Documents and Records from Bruce A. Hartwig, M.D. |
| 16 | | | CN | | Medical, Billing, and Radiology Documents and Records from Care Point Occupational Medicine |
| 17 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Carespot Express Healthcare |
| 18 | | | CN | | Documents and Records from Carlisle Interconnect Technologies, Inc. c/o United Agent Group, Inc. |
| 19 | | | CN | | Medical and Billing Documents and Records from Coastal Cosmetic Center |
| 20 | | | CN | 402, 403, 901, DKT 44 compliance, Local Rule 3.06 | Insurance Documents and Records from Conduent Payment Integrity Solutions |
| 21 | | | CN | | Medical Documents and Records from Dr. Eduardo Sanchez |
| 22 | | | CN | | Medical and Billing Documents and Records from First Coast Allergy and Asthma |
| 23 | | | CN | | Medical, Billing, and Radiology Documents and |

**EXHIBIT 2**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Records from Flagler Hospital |
| 24 | | | CN | | Medical and Billing Documents and Records from Florida Medical Marijuana Resource Group, Inc. |
| 25 | | | CN | | Medical, Billing, and Radiology from FM Medical, Inc. |
| 26 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Gordon Dental Associates |
| 27 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Employment Documents and Records from Incomm Agent Solutions, Inc. |
| 28 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Kelly Jago, M.D. |
| 29 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical, Billing, and Radiology Documents and Records from LensCrafters |
| 30 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Mayo Clinic |
| 31 | | | CN | | Medical and Billing Documents and Records from Flagler Family Medicine |
| 32 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Michael Hsu, M.D. |
| 33 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Middle Tennessee Center for Lung Disease |
| 34 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical, Billing and Radiology Documents and |

**EXHIBIT 2**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Records from MinuteClinic, LLC |
| 35 | | | CN | | Billing Documents and Records from Neurology Associates of North Florida |
| 36 | | | CN | | Medical, Billing, and Radiology Documents and Records Neurology Care, Inc. |
| 37 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Norman J. Hamburger, M.D. |
| 38 | | | CN | | Radiology Documents and Records from Orthopaedic Associates of St. Augustine |
| 39 | | | CN | | Billing and Radiology Documents and Records from Precision Imaging Centers |
| 40 | | | CN | | Medical and Billing Documents and Records from Radiology Associates Imaging |
| 41 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical Documents and Records from Sanjay Swami, M.D. |
| 42 | | | CN | | EMS Documents and Records from St. Johns County Fire Rescue |
| 43 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from St. Luke's Emergency Care Group |
| 44 | | | CN | | Medical and Billing Documents and Records from Stewart-Marchman-Act Behavioral Center |

**EXHIBIT 2**

| | | | | | |
|---|---|---|---|---|---|
| 45 | | | | | Pharmacy Documents and Records from Walgreens |
| 46 | | | CN | 402, DKT 44 compliance, Local Rule 3.06 | Medical and Billing Documents and Records from Walmart Vision Center |
| 47 | | | CN | 402, 403, 408, 802, 901, DKT 44 compliance, Local Rule 3.06 | Documents and Records from the Division of Workers Compensation/Office of the Judges of Compensation Claims |
| 48 | | | Bruce Main | 403, 901, DKT 44 compliance, Local Rule 3.06 | Expert Report of Bruce Main. |
| 49 | | | | 402, 403, 407, 702, 802, 901, DKT 44 compliance, Local Rule 3.06 | Any and all affidavits used or referenced by any party or witnesses in this case. |
| 50 | | | | 402, 403, 802, 803, DKT 44 compliance, Local Rule 3.06 | Any and all medical texts, treatises, and/or other literature used or referenced by any party or witnesses in this case. |
| 51 | | | Bruce Main | 402, 403, 802, 803, DKT 44 compliance, Local Rule 3.06 | Any and all materials relied upon by the Defendants' experts. |
| 52 | | | Bruce Main | 402, 403, 802, 803, DKT 44 compliance, Local Rule 3.06 | Any and all medical literature, publications, or data relied upon by the Defendants' experts in formulating their opinions in this matter. |
| 53 | | | CN | | Any and all exhibits listed by the Plaintiff. |
| 54 | | | CN | 402, 403, 802, 901, DKT 44 compliance, Local Rule 3.06 | Medical Documents and Records received from all treaters, providers, facilities, hospitals, pharmacies, health |

**EXHIBIT 2**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | insurers, diagnosticians, physician assistants, registered nurses, or advanced registered nurse practitioners as listed above. |
| 55 | | | CN | 402, 403, 802, 901, DKT 44 compliance, Local Rule 3.06 | All documents, materials, and things produced by the Plaintiff in response to Requests for Production and during deposition, including photographs or videos. |
| 56 | | | CN | 402, 403, 802, 901, DKT 44 compliance, Local Rule 3.06 | Any and all documents, Documents and Records, and things obtained through subpoena or discovery relative to this lawsuit and investigation of the claims made therein including, but not limited to, medical Documents and Records, employment Documents and Records, financial Documents and Records, tax Documents and Records, insurance Documents and Records, and/or pharmacy Documents and Records. This also includes all documents, Documents and Records, and things obtained by any other party to this litigation through Non-Party Subpoena and/or authorization for release of records. |
| 57 | | | | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | All transcripts of depositions, including video depositions, of any witness taken in this case, including all exhibits thereto. |
| 58 | | | | | Any and all of any Party's Responses to Requests for Admissions and related Request(s) for Admissions. |

**EXHIBIT 2**

| | | | | | |
|---|---|---|---|---|---|
| 59 | | | | | Any demonstrative exhibits, diagrams, photographs, or blow-ups for use at trial including, but not limited to, photographs of the subject accident. |
| 60 | | | | | Demonstrative tools including, but not limited to, enlargements, models, photographs, and videos. |
| 61 | | | | | All impeachment materials and Documents and Records. |
| 62 | | | | 402, 403, 802, 901, DKT 44 compliance, Local Rule 3.06 | Any Curriculum Vitae(s) of any Party's experts and any of their reports. |
| 63 | | | | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Prior deposition testimony and any identified exhibits of any expert witness listed by the Plaintiff. |
| 64 | | | | | Any and all pleadings filed in this matter, including but not limited to Complaint. |
| 65 | | | | 402, 403, 802, 901, DKT 44 compliance, Local Rule 3.06 | Any and all exhibits that become known subsequent to the filing of this Exhibit List and prior to the trial of this matter. As discovery is ongoing, Defendants reserve the right to amend this Exhibit List and to disclose additional exhibits as they become known. |
| 66 | | | | 403, 602, 802, 901, DKT 44 compliance, Local Rule 3.06 | Any and all documents or things produced, exchanged, marked, and/or attached at any and all depositions in this case. |

**EXHIBIT 2**

| 67 | | | | | Defendants reserve the right to use any and all exhibits designated by the Plaintiff to this action, without waiving objections thereto. |
|----|--|--|--|--|----------------------------------------|
| 68 | | | | 402, 403, 802, 901, DKT 44 compliance, Local Rule 3.06 | Defendants hereby reserve the right to call and/or produce any and all witnesses and/or documentary evidence listed by the parties, to call any and all impeachment and/or rebuttal witnesses and exhibits necessary, and to call and/or produce any and all newly discovered witnesses and/or documentary evidence upon notice to the Parties. |

4843-5412-4410, v. 1

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERI M. CONKLIN,

      Plaintiff,

v.

RT ENGINEERING CORPORATION, a
Massachusetts corporation,

      Defendant.

CASE NO. 3:17-CV-00415-BJD-JRK

## DEFENDANT'S TRIAL WITNESS LIST

Defendant, RT ENGINEERING CORPORATION (hereinafter referred to as "Defendant"), by and through its undersigned counsel, hereby discloses its witnesses to be called at trial:

| Testimony by Deposition | May Call | Intend to Call | Obj. | Witness |
|---|---|---|---|---|
| | | X | | Bruce Main, PE, CSP<br>Design Safety Engineering, Inc.<br>P.O. Box 8109<br>Ann Arbor, MI 48107 |
| | | X | | Chad Blair, President<br>c/o Fowler White Burnett, P.A.<br>One Financial Plaza<br>100 Southeast 3rd Avenue, 21st Floor<br>Fort Lauderdale, Florida 33394 |
| | | X | | William Landry<br>c/o Fowler White Burnett, P.A.<br>One Financial Plaza<br>100 Southeast 3rd Avenue, 21st Floor<br>Fort Lauderdale, Florida 33394 |

# EXHIBIT 3

| | | | | |
|---|---|---|---|---|
| | | X | | Ray Metivier<br>c/o Fowler White Burnett, P.A.<br>One Financial Plaza<br>100 Southeast 3rd Avenue, 21st Floor<br>Fort Lauderdale, Florida 33394 |
| X | | | | Erin Hoffer<br>823 Mesa Roja Trail NE<br>Rio Rancho, NM 87124-6387 |
| X | | | | Mike Hermes<br>c/o Fowler White Burnett, P.A.<br>One Financial Plaza<br>100 Southeast 3rd Avenue, 21st Floor<br>Fort Lauderdale, Florida 33394 |
| X | | | | Daren Labonne<br>c/o Fowler White Burnett, P.A.<br>One Financial Plaza<br>100 Southeast 3rd Avenue, 21st Floor<br>Fort Lauderdale, Florida 33394 |
| X | | | | Ray Lake<br>c/o Fowler White Burnett, P.A.<br>One Financial Plaza<br>100 Southeast 3rd Avenue, 21st Floor<br>Fort Lauderdale, Florida 33394 |
| X | | | | David Cecil<br>c/o Jeptha F. Barbour, Esq.<br>Marks Gray, P.A.<br>1200 Riverplace Boulevard,<br>Suite 800<br>Jacksonville, FL 32207 |
| X | | | | Mike Proulx<br>c/o Fowler White Burnett, P.A.<br>One Financial Plaza<br>100 Southeast 3rd Avenue, 21st Floor<br>Fort Lauderdale, Florida 33394 |

1. Any and all witnesses listed by the Plaintiff.

2.      All parties identified in Answers to Interrogatories, Responses to Requests(s) for Production, and depositions.

3.      All persons deposed or to be deposed prior to the trial in this matter.

4.      Any and all persons mentioned in the materials attached to Interrogatories, furnished pursuant to Request(s) for Production or Subpoenas which have been filed in this cause.

5.      Any and all impeachment and/or rebuttal witnesses.

6.      Any and all Records Custodians to authenticate any and all documents produced pursuant to Subpoenas served in this matter or produced through discovery in this matter.

7.      Any and all physicians or medical providers who have treated and/or examined Plaintiff.

8.      Any and all persons who, through discovery between the date of the filing of this Witness List and the discovery deadline, are found to have knowledge relating to the incident herein.

Discovery is ongoing. Defendant reserves the right to amend and supplement this Witness List.