UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERI M. CONKLIN,

    Plaintiff,

v.                                  Case No. 3:17-cv-415-J-39JRK

R T ENGINEERING CORPORATION, a
Massachusetts corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Quash Subpoena, Strike Pleading and for Sanctions pursuant to Federal Rules of Civil Procedure 37 and 11 (Doc. 117; Motion) and Defendant's Response in Opposition (Doc. 120; Response).

Plaintiff seeks to quash a subpoena that Defendant served on Dr. John Starke, who was Plaintiff's treating physician from three years ago. Motion at 1. Plaintiff classifies Dr. Starke as a expert witness who was not previously disclosed. Motion at 2. Plaintiff also claims that Dr. Starke's appearance at trial would subject him to an undue burden. Id. at 3. Plaintiff also claims that she would suffer undue prejudice by preparing for Dr. Starke's testimony so close to trial. Id. at 2. Defendant responds by claiming that Dr. Starke will be testifying as a treating physician, not as an expert witness. Response at 1-2. Defendant also references its witness disclosures, which included Dr. John Stark

of Orthopaedic Associates of St. Augustine (Doc. 39.2 at 3), and Plaintiff's initial disclosures that included Associates of St. Augustine (Doc. 39.1 at 4).[1]

"Non-expert (or lay) witnesses may only testify to opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) (internal quotations omitted). Generally speaking, non-retained treating physicians may testify regarding their personal observations in light of their experience as a physician (or technician). Id. Consequently, treating physicians may testify to the patient's injury and diagnoses to help the jury understand the physician's decision making process in treatment. Id. However, the treating physician may only offer opinions as to cause when necessary for the treatment of the patient, and they may not offer answers to hypothetical questions. Id.; see also Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317-18 (11th Cir. 2011) ("These cases make clear that, when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702 and the strictures of Daubert.").

Dr. Starke was previously disclosed; Plaintiff has had full access to Dr. Starke's records; and Dr. Stake is not testifying as an expert witness. Therefore, there is no undue prejudice to Plaintiff in Dr. Starke testifying. Regarding Plaintiff's argument of

---

[1] Plaintiff and Defendant differ as to the spelling of Dr. Stark(e)'s last name, with Plaintiff including the "e" while Defendant does not.

undue burden, Plaintiff has submitted no basis for the Court to find that Dr. Starke's appearance would place an undue burden on Dr. Starke. Moreover, Plaintiff does not have standing to assert that Dr. Starke would incur an undue burden by appearing at trial. See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (holding that a party did not have "standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.").

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion to Quash Subpoena, Strike Pleading and for Sanctions pursuant to Federal Rules of Civil Procedure 37 and 11 (Doc. 117) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 30th day of November, 2018.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record