UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERI M. CONKLIN,

    Plaintiff,

v.

RT ENGINEERING CORPORATION, A Massachusetts corporation,

    Defendant.

CASE NO. 3:17-CV-00415-BJD-JRK

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE TESTIMONY OF ERIN HOFFER

Defendant RT ENGINEERING CORPORATION ("RT" or "Defendant"), by and through its undersigned counsel, hereby files this Response in Opposition to Plaintiff's Motion to Strike Testimony of Erin Hoffer [D.E. 125]. In support of the denial of Plaintiff's Motion to Strike, Defendant states as follows:

1. On April 1, 2017, Plaintiff brought suit against Defendant as manufacturer of the 22042 Wrap Line Power Feeder Big Blue Five Head machine (hereinafter "Big Blue"), alleging negligence and strict liability for her on-the-job hand injury.

2. Big Blue was manufactured by Defendant at the request of Plaintiff's employer, Carlisle Interconnect Technologies ("Carlisle").

3. The court previously extended the discovery deadline until June 27, 2018 to allow Defendant to depose Ray Lake, the maintenance manager for Carlisle.

4. Mr. Lake was deposed on June 8th. At his deposition, Mr. Lake identified Erin Hoffer, Carlisle's former EH&S Manager as an individual with knowledge as to the issue of safety as it applies to the subject machine and incident. [D.E. 51]

5. The identity of Ms. Hoffer was initially made known to Defendant upon the deposition of Cheri Conklin, but Ms. Conklin identified Ms. Hoffer solely as a Carlisle employee who spoke with Ms. Conklin after the accident at issue. However, the extent Ms. Hoffer's responsibilities, involvement and knowledge as to the issues of liability was not made known until June 8th, 2018 at the deposition of Ray Lake.

6. Thereafter, in June, counsel for Defendant diligently undertook the task of locating Ms. Hoffer. Eventually, the undersigned was able to locate the LinkedIn page for Ms. Hoffer. According to her LinkedIn page, Ms. Hoffer had moved to New Mexico.

7. Once counsel for Defendant was able to locate and speak to Ms. Hoffer, Ms. Hoffer expressed a desire to not be deposed. She did, however, agree to provide an affidavit as to her knowledge of the matters at issue. This affidavit was dated June 14, 2018 and was received by counsel for Defendant on June 15, 2018. [D.E. 50].

8. Defendant then immediately provided the affidavit to the Plaintiff. Thereafter, the Plaintiff did not seek to depose Ms. Hoffer.

9. Defendant sought leave of court to preserve the trial testimony Ms. Hoffer [D.E. 67], which this court granted, and Ms. Hoffer deposition took place on November 30, 2018. The Court granted this motion, agreeing with Defendant that this deposition was not for the purposes of discovery.

10. At her recent deposition, Ms. Hoffer testified that, in June, she informed the undersigned that she would not attend trial. As detailed further below, this was inaccurate, as the

undersigned only discussed the possibility of Ms. Hoffer having to attend a deposition. Trial was not discussed in June.

11. On December 2, 2018, Plaintiff filed its Motion to Strike Testimony of Erin Hoffer [D.E. 125]. In its motion, Plaintiff makes many unfounded allegations about Defendant's alleged misrepresentations of the facts surrounding Ms. Hoffer and her testimony.

12. First, Plaintiff claims that Defendant falsely represented that Ms. Hoffer actually moved to New Mexico around June of 2018, when Defendant first made contact with her.

13. To support its allegations, Plaintiff quotes the following from the Pretrial Conference:

> **Mr. Jurman**: Well, unfortunately, while we were trying to stay in contact with her, she had left her job, and her email was -- didn't work. The phone was disconnected. We had to actually hire an investigator to go out to New Mexico, at our expense, obviously, and track her down.

14. Nowhere in that statement, or in any other communications with Plaintiff or this Court, did Defendant state that it lost contact with Ms. Hoffer *because* she moved to New Mexico after the initial contact was made.

15. Rather, as explained to the Court at the Pretrial Conference, the reason Defendant lost contact with Ms. Hoffer is because she changed jobs. When Defendant found Ms. Hoffer, she was working in New Mexico. She then changed jobs and went to work for another company, Facebook, also located in New Mexico.

16. Defendant's only contact with Ms. Hoffer was through her original job, so, when she changed jobs, Defendant lost contact with her and had to find her again.

17. Defendant **never** represented that Ms. Hoffer "moved unexpectedly" to New Mexico as the reason for the need to preserve her trial testimony.

18. In a futile attempt to give more weight to this unfounded argument, Plaintiff then references language in Defendant's Motion for Leave of Court to Preserve Trial Testimony of Erin Hoffer [D.E. 67] when it states that: "Shortly after June 8, 2018, Defendant located Ms. Hoffer who had, at that time, moved to New Mexico."

19. Next, Plaintiff alleges that Defendant never lost contact with Ms. Hoffer and never hired an investigator to locate her.

20. Again, Plaintiff's allegations have zero basis and rely purely on Ms. Hoffer testified that she was not contacted by a private investigator.

21. Attached to this response is an invoice from Defendant's private investigator who was hired to locate Ms. Hoffer. *See exhibit "A."*

22. As indicated on the invoice, Defendant hired the investigator on October 11, 2018. It is common practice, if not the explicit expectation, for private investigators to search for witnesses without ever personally contacting them.

23. The fact that the investigator never contacted Ms. Hoffer fails to establish that no investigation occurred. The October 11 invoice, does, however, support Defendant's truthful representation of the facts surrounding Ms. Hoffer's testimony.

24. Finally, Plaintiff argues that Ms. Hoffer unequivocally told Defendant that she was unwilling to come to Florida to attend trial in June of 2018, when Defendant first made contact with her.

25. Similarly, Ms. Hoffer testified in her deposition that she told Defendant's counsel that she would not attend trial at that time.

26. However, when Defendant's counsel contacted Ms. Hoffer in June of 2018, no discussions of trial attendance or the trial in general occurred. Rather, the conversation was

limited to Ms. Hoffer's affidavit, which Defendant used to support its Renewed Motion for Summary Judgment [D. E. 54], and the possibility of Ms. Hoffer being deposed by Plaintiff once her affidavit was filed.

27. At the time Defendant contacted Ms. Hoffer about the affidavit, Defendant's focus was on summary judgment rather than on trial, which was not set to take place until December 3, 2018.

28. Although Ms. Hoffer's intention may have always been to not attend trial, this is pure speculation, as, in June, she did not communicate this to Defendant's counsel. It was not until October 2018 when Defendant reestablished contact with her that Ms. Hoffer stated a refusal to attend trial.

29. Plaintiff also argues that it was wrong of Defendant to wait four months to preserve Ms. Hoffer's testimony for trial. However, as explained in Defendant's Motion for Leave [D.E 67], Defendant already knew the content of Ms. Hoffer's testimony and was not previously aware Ms. Hoffer would adamantly refuse to attend trial.

30. The sole fact that the witness lives out of state does not establish that Defendant knew or should have known that Ms. Hoffer would be unwilling to come to trial. Most witnesses do not want to testify at depositions or at trials. This does not mean they are unwilling to the extent that they must be compelled or their testimony be preserved. Moreover, Ms. Hoffer has demonstrated a propensity to change jobs and move states with regularity.

31. As previously truthfully indicated, Defendant did not know Ms. Hoffer would refuse to attend trial until October of 2018, at which time Defendant expediently took measures to preserve her testimony for trial.

## **MEMORANDUM OF LAW**

As a general matter, "a motion to strike is a drastic remedy and is disfavored by the courts." *Tarkenton v. Buth Na Bodhaige, Inc., No*. 614CV342ORL37GJK, 2015 WL 12852955, at *4 (M.D. Fla. Aug. 23, 2015); S.*P. Richards Co. v. Hyde Park Paper Co., Inc*., Case No. 8:ll–cv–1204–EAK–TGW, 2015 WL 4548707, at *1 (M.D. Fla. July 28, 2015) (citing *Rehyer v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am*., No. 8:09-CV-1850-T-30TBM, 2017 WL 2172200, at *1 (M.D. Fla. Apr. 19, 2017); *Augustus v. Board of Public Instruction of Escambia County*, Fla., 306 F.2d 862, 868 (5th Cir. 1962); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Further, the Court's authority to strike is limited to pleadings, not evidence. *Polite v. Dougherty County Sch. Sys*., 314 Fed.Appx. 180, 184 n.7 (11th Cir. 2008) (per curiam) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings….").

Plaintiff seeks a drastic sanction against Defendant based on allegations of Defendant's misrepresentations that are without merit and lacking factual support. Defendant understands the perception Ms. Hoffer's testimony creates, but she simply was mistaken. Whether it was her confusion as to the differences between attending a deposition and attending trial or an intentional false statement, the undersigned reiterates that, at no time prior to October 2018, did Ms. Hoffer state that she would not attend trial. As such, this Court should not impose such harsh sanctions and deny Plaintiff's motion.

WHEREFORE, Defendant, RT ENGINEERING CORPORATION respectfully requests that this Court deny Plaintiff's Motion to Strike Testimony of Erin Hoffer, allow her testimony to be admitted at trial, and for any other relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email this 2nd day of December, 2018 to Keith L. Maynard, Esq., Spohrer & Dodd, P.L., kmaynard@sdlitigation.com, sshedlarski@sdlitigation.com and eservice@sdlitigation.com.

Respectfully submitted,

/s Jesse D. Drawas
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Jesse D. Drawas
Fla. Bar No. 68654
Email: jdrawas@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:  (954) 377-8100
Facsimile:   (954) 377-8101