**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHERI M. CONKLIN,

        Plaintiff,

v.                                    Case No. 3:17-cv-415-J-39JRK

R T ENGINEERING CORPORATION, a
Massachusetts corporation,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's <u>Ore</u> <u>Tenus</u> Objections to

Testimony and Documents related to Erin Hoffer.[1] The nature of Plaintiff's objections

can be categorized into four components:

        *1.*    *Testimony regarding the need for a guard on Big Blue*

    Plaintiff challenges Erin Hoffer's testimony on reviewing and inspecting Big Blue

wherein her knowledge is obtained from a document that she did not create or a

conversation wherein the information was relayed to her. Ms. Hoffer appears to be a

conduit to introduce the conclusions of another, <u>i.e.</u>, that "the safety committee reviewed

and inspected" Big Blue and determined that a guard was needed on the "Caterpuller."

(Doc. 53.1 ¶ 6). Ms. Hoffer's testimony in this regard is hearsay if introduced as to

whether Big Blue actually needed a guard. Fed. R. Evid. 802. However, this fact is not

---

[1] Plaintiff's Objections build upon her Motion <u>in</u> <u>Limine</u> as to Proposed Hearsay
Evidence and Undisclosed Expert Testimony, which the Court previously denied without
prejudice to being renewed after Erin Hoffer's deposition was taken. (Doc. 89 at 4).

at issue, and Defendant seeks to have this information introduced to establish the state of mind of Carlisle employees (whether they thought a guard was needed). Accordingly, Ms. Hoffer's testimony on this point is permissible. Statements by Carlisle employees that they knew a guard was needed could be considered a statement against their own interests, but this exception does not apply because Ms. Hoffer was available to provide trial testimony, and in fact, has done so. Fed. R. Evid. 804(b)(3).

2.     *The "Action List"*

The "Action List" is found at Docket Entry 53.2. The Action List is undated and not signed. Erin Hoffer did not draft the action list nor did she recognize it at her deposition. Hoffer Dep. 21:22. This document is not authenticated and is hearsay. Unless Defendant can establish an exception, such as a business records exception, the Action List must be excluded.

3.     *Job Safety Analysis*

Ms. Hoffer references a "Job Safety Analysis" found at Docket Entry 53.3, which is unsigned, though it does contain a revision date and Carlisle Header. In her Affidavit, Erin Hoffer stated that she "assisted" with the creation of the Job Safety Analysis. (Doc. 53.1 ¶ 14). She reports that the safety committee instructs caterpuller operators to keep their hands clear of the caterpuller. Id. ¶ 15. The best evidence of the instructions that were provided to operators are the instructions themselves, which must be properly authenticated and established as being admissible. See Fed. R. Evid. 1002. Additionally, Ms. Hoffer's testimony as to what the safety committee usually does is unduly prejudicial and irrelevant without personal knowledge that Ms. Nuss was actually provided the instructions. Ms. Hoffer testified at her deposition that she had no thoughts

about Ms. Nuss's training regarding the use of Big Blue. Hoffer Dep. 46:17. It does not appear that Ms. Nuss authenticated the Job Safety Analysis either, though the Court cannot, at this time, foreclose the possibility that another witness can properly establish the admissibility of the Job Safety Analysis.

### 4.   Carlisle Incident Investigation Package

The "Carlisle Incident Investigation Package" found at Docket Entry 53.4 is a report that offers the opinion of the cause of Ms. Nuss's accident. For example, the report concludes in the "Root Cause" section that Ms. Nuss "had received on the job training on three different occasions" and in the "Contributing Factors" section that Ms. Nuss "was not paying attention to where they [sic] were placing their [sic] hands."

Notably, the Report was drafted <u>after</u> the incident was likely prepared in anticipation of litigation. That said, within the report, Ms. Hoffer reports that Ms. Nuss "admitted she wasn't paying attention to where her hands were and she was more worried about the wrinkle in the tape and not making scrap." Even if Defendant cannot introduce the report, Ms. Hoffer may testify as to what Ms. Nuss said to her as a party admission. At her deposition, Ms. Hoffer did not remember what Ms. Nuss said, and did not recall if Ms. Nuss said she was not paying attention. Hoffer Dep. 33:14. Defendant elected to have Ms. Hoffer read the report out loud and asked Ms. Hoffer if this is what she recalled. <u>Id.</u> 48:17-49:12. Ms. Hoffer agreed. Ms. Hoffer stated that she drafted the report but could not establish it as business record. <u>Id.</u> at 35. Thus, Ms. Hoffer's testimony as to what Ms. Nuss told her is admissible, though the report itself must still be properly established as an exception to the rule against hearsay before admission. Finally, the general prohibition against introduction of subsequent remedial measures

does not bar the report because Carlisle is a non-defendant. See Millennium Partners,

L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1302 (11th Cir. 2007).

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Ore Tenus Objections to Testimony and Documents related to Erin

Hoffer are **SUSTAINED in part and OVERRULED in part** as provided herein.

**DONE** and **ORDERED** in Jacksonville, Florida this 3rd day of December, 2018.

_____
BRIAN J. DAVIS
United States District Judge

2

Copies furnished to:

Counsel of Record
Unrepresented Parties