UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERI M. CONKLIN,

    Plaintiff,

v.

RT ENGINEERING CORPORATION, A Massachusetts corporation,

    Defendant.

CASE NO. 3:17-CV-00415-BJD-JRK

**DEFENDANT'S MOTION TO STRIKE WILLIAM KITZES AS A WITNESS AND FOR RECONSIDERATION OF ITS MOTION IN LIMINE AS TO GUARD SUFFICIENCY AND ALTERNATE GUARDING OPTIONS**

Defendant, RT ENGINEERING CORPORATION ("RT" or "Defendant"), by and through its undersigned counsel respectfully moves this Court for reconsideration of this Court's November 16, 2018 Order on Pending Motions [D.E. 89] denying RT's Motion in Limine as to Guard Sufficiency and Availability of Alternatives. [D.E. 70]. As grounds therefor, RT states as follows:

    1.    On October 23, 2018, RT filed its Motion in Limine as to Guard Sufficiency and Availability of Alternatives. [D.E. 70].

    2.    Therein, RT argued that Plaintiff should not be permitted to present evidence to show whether or not the guard on the Caterpuller was sufficient because a guard was not present on the Caterpuller at the time of Plaintiff's injury. *See* Plaintiff's Amended Complaint. [D.E. 4].

    3.    Further, Plaintiff's entire causation argument hinges on her allegations that she was injured *because* there was no guard installed that would have prevented the accident. *Id.*

4. In their opening statement, counsel for the Plaintiff unambiguously stated that had the guard provided by Reel-O-Matic been installed at Carlisle, Ms. Nuss's injuries would not have happened.

5. Thereafter, Plaintiff had William Howard testify about sufficiency of the Reel-O-Matic guard and the potential prevention of Ms. Nuss's injuries. Specifically, Dr. Howard testified as follows:

> Q: Just to make sure I get it all, do you have an opinions concerning better alternative designs for the guard that should have been in place on the Big Blue machine at the Caterpuller section?
> A. Yes. As I said, there was a fixed guard. The fixed guard is good. It would have prevented the injury.

6. Therefore, there is no dispute that the guard at issue was good or that it would have prevented Ms. Nuss's injuries.

7. Instead, Dr. Howard takes issue with the fact that the guard was shipped without being affixed to the machine.

8. Now, Plaintiff intends to present irrelevant expert evidence at trial to show that an alternative design of the guard would have prevented the injury. *See* Reports of William Howard and William Kitzes [D.E.59-6; 59-7].

9. Plaintiff has already, repeatedly, argued and elicited testimony from *her own expert* that the Reel-O-Matic guard was sufficient and *would have prevented her injuries*. Dr. Howard further conceded there was no requirement for RT to have used an interlock guarding system or any other alternatives.

10. Plaintiff's arguments that originally led to this Court's denial of RT's motion are no longer sustainable because the testimony from Plaintiff's expert is that the original guard was adequate enough to have prevented her injury on the day of the accident.

11. As such, this Court should reconsider its decision to deny RT's Motion in Limine as to Guard Sufficiency and Availability of Alternatives [D.E. 70].

12. Moreover, Plaintiff has disclosed William Kitzes as a second expert on this issue. In the Joint Pre-Trial Statement [D.E. 85], Plaintiff disclosed Mr. Kitzes as follows:

> Mr. Kitzes is a Board Certified Product Safety Manager and Hazard Control Manager and is expected to testify to matters set forth in his report, including but not limited to: (a) RTE failed to perform an adequate risk assessment to identify and apply well known safety measures to adequately protect workers from the substantial hazards associated with the foreseeable use of the 5-Head Wrapper manufactured, developed, and fabricated by RTE; (b) With substantial knowledge of dangers presented by the unguarded Caterpuller, RTE shipped the 5-Head Wrapper and Caterpuller to the purchaser without the guard originally attached to the Caterpuller by the original manufacturer; (c) Without the original guard as provided to RTE by Reel-O-Matic, the Caterpuller sold by RTE was defective and unreasonably dangerous; (d) Defendant failed to warn users against operation of the machine without a guard; (d) that without a guard, the machine was defective and unreasonably dangerous; (e) machine builder standards, safety of machinery general requirements and risk assessment, injury and accident prevention, machine guarding principles and standards, OSHA requirements for machines, operating procedures of the equipment and its use, training employees using the equipment, published materials for the equipment and its operation; (f) RTE failed to incorporate an interlock system to prevent operation of the Caterpuller if the original guard was not fully in place; and (g) alternatives for reasonable safety precautions and requirements

13. The disclosed areas of expected testimony are, in part, improperly cumulative to that of Dr. Howard. The other areas of expected testimony are inadmissible as they would be in direct contravention to Plaintiff's opening statements and Dr. Howard's testimony as to guard sufficiency. Therefore, Mr. Kitzes testimony will provide no probative value, serving only to either confuse the jury as to unnecessary alternative guarding and to provide improper cumulative expert testimony as to shipment of the guard.

14. Specifically, subsection b, was testified to at length by Dr. Howard. Allowing Mr. Kitzes to testify as to shipment of the machine without the guard attached would be directly duplicative and cumulative to the testimony.

15.  Similarly, Dr. Howard already testified as to Plaintiff's position as to failure to warning of operation of the machine without a guard, whether the machine was unreasonably dangerous without a guard, safety procedures for guarding and OSHA standards. (subsections c-e)

16.  Dr. Howard and Plaintiff in opening have already established the lack of reliability of the argument that an interlock system or other alternatives were necessary. (subsections f and g)

17.  Therefore, allowing Mr. Kitzes to testify as to subsections (b)-(e) would also be improper cumulative expert testimony.

18.  Further, allowing Mr. Kitzes to testify as to alternative guard methods and interlocking system would be cumulative testimony, as well as confusing to the jury, as Dr. Howard unambiguously testified that the guard that came with the machine was compliance with OSHA and would have prevented the subject injuries.

.

## MEMORANDUM OF LAW

**I.    LEGAL STANDARD**

A party may seek reconsideration of a non-final order under Federal Rule of Civil Procedure 60(b). *Brooks v. United States*, No. 3:09-CR-76-J-32JRK, 2016 WL 99485, at *17 (M.D. Fla. Jan. 8, 2016). "There are three bases for reconsidering an order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Bottini v. GEICO Gen. Ins. Co.*, No. 8:13-CV-365-T-17AEP, 2014 WL 12619208, at *1 (M.D. Fla. Dec. 19, 2014); *Sussman v. Salem. Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

The decision whether to grant or deny a motion for reconsideration is within the court's discretion. *See Region 8 Forest Serv. Timber Purchases Council v. Alcock,* 993 F.2d 800, 806 (11th Cir. 1993). Although reconsideration of a previous order is an extraordinary remedy to be employed sparingly, "the Court always strives to reach the correct result given the facts and applicable law and will, when appropriate, exercise its broad judgment to alter a judgment or order to achieve that end." *Austin and Laurato, P.A. v. U.S.*, 2013 WL 623897, at *1 (M.D. Fla. Feb. 20, 2013)(granting defendant's motion for reconsideration of order granting plaintiff's motion to dismiss counter-claim; court agreed that its prior holding constituted clear error or created manifest injustice given that it failed to construe insurance policy as a whole and give every provision an operative effect).

## II.     RECONSIDERATION OF DEFENDANT'S MOTION IN LIMINE

RT seeks reconsideration of this Court's denial of its Motion in Limine as to Guard Sufficiency and Availability of Alternatives [D.E. 70] based on Plaintiff's presentation of her new argument as to the state of the facts and to prevent manifest injustice to RT. *Bottini*, 2014 WL 12619208, at *1. RT will face manifest injustice if Plaintiff is permitted to present to the jury two conflicting arguments because it will unquestionably confuse the jury and place upon RT an impossible to bear burden.

RT adequately cannot defend itself against two conflicting arguments: that (1) the original guard, if installed, would have prevented her injury and (2) the original guard was insufficient. Allowing Plaintiff to present both of these arguments to the jury will leave RT in a catch-22 situation because Plaintiff is claiming that if the original guard was installed, she would not have been injured, but, at the same time, Plaintiff would have been injured anyway because the original guard was inadequate.

It is an undisputed fact that no guard was present when Plaintiff was injured. It is now also undisputed that the guard provided by RT would have prevented Plaintiff's injuries. Allowing further testimony as to interlock systems and alternative guarding serves no other purpose but to confuse the jury and to incorrectly argue that, despite the subject guard being sufficient and compliant with applicable standards, RT had a legal obligation to do more. This is simply not the law for product liability.

WHEREFORE, Defendant, RT ENGINEERING CORPORATION, respectfully moves this Court to reconsider its November 16, 2018 Order on Pending Motions [D.E. 89] denying RT's Motion in Limine as to Guard Sufficiency and Availability of Alternatives. [D.E. 70] and for any such other relief as this Court deems just and proper.

### III. STRIKING OF MR. KITZES

The Florida Evidence Code "expressly requires a trial judge to exercise reasonable control over the presentation of the evidence so as to avoid the needless consumption of time, and ... relevant evidence is inadmissible if its probative value is substantially outweighed by a needless presentation of cumulative evidence. Furthermore, Florida Rule of Civil Procedure 1.200(b)(4) specifically provides that at a pretrial conference, a trial court may consider and determine a limitation on the number of expert witnesses." *Gutierrez v.* Vargas, 239 So.2d 615 (Fla. 2018); *Woodson v. Go*, 166 So.3d 231, 233 (Fla. 5th DCA 2015).

Under Rule 403, relevant evidence may be excluded for considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Johnson v. U.S.*, 780. F.2d 902 (11th Cir. 1986). The power to conduct orderly trials includes the power to exclude or limit expert testimony. *United States v. Thevis,* 665 F.2d 616, 633–34 (5th Cir. Unit B 1982) (criminal trial); *Campbell Industries v. M/V Gemini,* 619 F.2d 24, 27 (9th Cir.1980). Therefore, allowing

Mr. Kitzes to testify would be improper cumulative testimony pursuant to Fed. R. Evid. 403. Further, in light of testimony already procured by the Plaintiff from her own expert, Dr. Howard, as to the sufficiency and compliance of the subject guard, there can is no probative value in the testimony of Mr. Kitzes, other than unnecessary cumulative evidence.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01

In accordance with Local Rule 3.01, the undersigned counsel certifies that he has made reasonable efforts to confer with Plaintiff in a good faith effort to resolve the issues raised in this Motion and has been unable to do so. The undersigned spoke with Plaintiff's counsel on December 5, 2018 regarding the relief sought in this Motion and Plaintiff's counsel is not in agreement.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email this 5th day of December, 2018 to Keith L. Maynard, Esq., Spohrer & Dodd, P.L., kmaynard@sdlitigation.com, sshedlarski@sdlitigation.com and eservice@sdlitigation.com.

Respectfully submitted,


/s Jesse D. Drawas
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Jesse D. Drawas
Fla. Bar No. 68654
Email: jdrawas@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:  (954) 377-8100
Facsimile:  (954) 377-8101